Rebecca Edelson (No. 150464)
STEPTOE & JOHNSON, LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Phone: (310) 734-3200
Fax:    (310) 734-3300
Email: redelson@steptoe.com

Steven K. Davidson (*pro hac vice* appl. to be submitted)
Scott W. Doyle (*pro hac vice* appl. to be submitted)
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave., NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax:    (202) 429-3902
Email: sdavidson@steptoe.com
       sdoyle@steptoe.com

ATTORNEYS FOR DEFENDANT/
COUNTERCLAIM PLAINTIFF MOTOROLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MACROVISION CORPORATION, a Delaware corporation <br><br> Plaintiff, <br><br> v. <br><br> MOTOROLA, INCORPORATED, a Delaware Corporation <br><br> Defendant. | Case No.: 07-04209 (SI) <br><br> **ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF** <br><br> **JURY TRIAL DEMANDED** |
| MOTOROLA, INC. <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> MACROVISION CORPORATION <br><br> Counterclaim Defendant. | |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Motorola, Inc. ("Motorola") by and through their counsel Steptoe & Johnson LLP, hereby answers the Complaint for Patent Infringement, Breach of Contract, Declaratory Relief, and Injunctive Relief of Plaintiff Macrovision Corporation ("Macrovision"), filed on August 16, 2007 as follows:

1.    In addition to numbered paragraphs, the Complaint includes headings and subheadings. To the extent necessary, Motorola denies any and all allegations reflected in those headings and subheadings of the Complaint. With respect to Paragraph 1, Motorola admits that Macrovision is a Delaware corporation, and that Macrovision offers anticopying technology that enables businesses to protect video content, *e.g.*, pay-per-view programming, by disallowing unauthorized copying. Motorola denies that Macrovision is the owner of any valid and/or enforceable patents related to the anti-copying technology described in the Complaint. Motorola lacks information sufficient to affirm or deny the remaining allegations of Paragraph 1, and therefore denies them.

2.    Motorola admits that it is a Delaware corporation doing business in the State of California, and that Motorola's principal place of business is located in Schaumburg, Illinois. Motorola further admits that it has previously purchased and used Macrovision-enabled integrated circuits for incorporation into set top boxes for pay-per view transmission. The remaining allegations of Paragraph 2 are denied.

3.    Admitted.

4.    Admitted.

5.    Motorola admits that venue is proper in the Northern District of California under 28 U.S.C. § 1391(b-c) and 1400(b). The remaining allegations of Paragraph 5 consist of legal

1  conclusions to which no response is required.  To the extent a response is necessary, Motorola

2  denies the remaining allegations in Paragraph 5.

3

4        6.      Motorola admits that Macrovision is a Delaware corporation, and that

5  Macrovision offers anti-copying technology that enables businesses to protect video content,

6  e.g., pay-per-view programming, by disallowing unauthorized copying.  Motorola lacks

7  information sufficient to affirm or deny the remaining allegations of Paragraph 6, which consist

8  of Macrovision's characterization of its intellectual property rights, and therefore denies them.

9

10        7.      Motorola lacks information sufficient to affirm or deny the allegations of

11  Paragraph 7, which consist of Macrovision's characterization of its intellectual property rights,

12  and therefore denies them.

13        8.      Admitted, except that Motorola denies the allegations of Paragraph 8 to the extent

14  that the allegations refer to business conducted by Motorola's wholly-owned subsidiaries or

15  affiliates, including but not limited to, General Instrument Corporation.

16

17        9.      Motorola admits that General Instrument Corporation ("GI") is a Delaware

18  corporation, and states that GI's principal place of business is in Horsham, Pennsylvania.  The

19  remaining allegations of Paragraph 9 are denied.

20        10.      Motorola admits that on or about June 4, 1991, Macrovision and GI entered into a

21  license agreement concerning certain anti-copying technology offered by Macrovision ("GI

22  License").  The remaining allegations of Paragraph 10 seek to categorize the terms of the GI

23

24  License, which speaks for itself.  To the extent a response is necessary, Motorola denies the

25  remaining allegations in Paragraph 10.

26        11.      Motorola admits that certain Macrovision patents identified in the GI License

27  expired in 2006.  The remaining allegations of Paragraph 11 seek to characterize the terms of the

28

GI License, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is necessary, Motorola denies the remaining allegations in Paragraph 11.

12.     Motorola admits that in or about January 2000, Motorola acquired the stock of GI, and GI became a wholly-owned subsidiary of Motorola. Motorola further admits that between 1998 and 2001, Motorola engaged in the sale of set-top boxes. The remaining allegations of Paragraph 12 are denied.

13.     Motorola admits that on or about September 9, 1998, Macrovision and Motorola entered into a license agreement concerning certain anti-copying technology offered by Macrovision ("Motorola License"). The remaining allegations of Paragraph 13 seek to characterize the terms of the Motorola License, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is necessary, Motorola denies the remaining allegations of Paragraph 13.

14.     The allegations of Paragraph 14 seek to characterize the terms of the Motorola License, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is necessary, Motorola denies the allegations of Paragraph 14.

15.     The allegations of Paragraph 15 seek to characterize the terms of the Motorola License, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is necessary, Motorola denies the allegations of Paragraph 15.

16.     The allegations of Paragraph 16 seek to characterize the terms of the Motorola License, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is necessary, Motorola denies the allegations of Paragraph 16.

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.: 07-04209 (SI)

17.     The allegations of Paragraph 17 seek to characterize the terms of the Motorola License, which speaks for itself, and contain legal conclusions to which no response is required. To the extent a response is necessary, Motorola denies the allegations of Paragraph 17.

14 [sic].[1]  Motorola admits that between 1998 and 2001, Motorola sold products subject to the Motorola License, and that it complied with the Motorola License with respect to those sales.  Motorola denies the remaining allegations of Paragraph 14.

15 [sic].  Denied.

18.     To the extent the allegations of Paragraph 18 refer to correspondence sent from Macrovision to Motorola on May 31, 2007, the document speaks for itself.  Motorola admits that it has not made any payments to Macrovision in response to that letter.  The remaining allegations of Paragraph 18 consist of legal conclusions to which no response is required.   To the extent a response is necessary, Motorola denies the allegations of Paragraph 18.

19.     The allegations of Paragraph 19 seek to characterize the terms of the Motorola License, which speaks for itself.   Motorola denies that Macrovision is entitled to any such award.

20.     To the extent the allegations of Paragraph 20 refer to the contents of the Motorola License, the document speaks for itself.  Motorola lacks information sufficient to affirm or deny the allegation that Macrovision is the owner of the patents listed in Paragraphs 21-28 of Macrovision's Complaint.  The remaining allegations of Paragraph 20 consist of legal

---

[1] The paragraphs in Macrovision's Complaint have been inadvertently misnumbered. For purposes of this Answer, the paragraph numbers correspond to the paragraphs in Macrovision's Complaint.   Accordingly, the Answer contains two paragraphs numbered 14 and 15.

1  conclusions to which no response is required.  To the extent a response is necessary, Motorola

2  denies the remaining allegations of Paragraph 20.

3      21.    Motorola admits that the USPTO issued the '448 Patent on May 24, 1994.

4
5  Motorola lacks information sufficient to affirm or deny the allegations that Macrovision is the

6  owner of the '448 Patent by virtue of assignment from the named inventors, and therefore denies

7  them.  Motorola specifically denies that the '448 Patent is valid and/or enforceable.

8      22.    Motorola admits that the USPTO issued the '936 Patent on December 10, 1996.

9
10  Motorola lacks information sufficient to affirm or deny the allegations that Macrovision is the

11  owner of the '936 Patent by virtue of assignment from the named inventors, and therefore denies

12  them.  Motorola specifically denies that the '936 Patent is valid and/or enforceable.

13      23.    Motorola admits that the USPTO issued the '747 Patent on April 30, 2002.

14
15  Motorola lacks information sufficient to affirm or deny the allegations that Macrovision is the

16  owner of the '747 Patent by virtue of assignment from the named inventors, and therefore denies

17  them.  Motorola specifically denies that the '747 Patent is valid and/or enforceable.

18      24.    Motorola admits that the USPTO issued the '132 Patent on February 4, 2003.

19
20  Motorola lacks information sufficient to affirm or deny the allegations that Macrovision is the

21  owner of the '132 Patent by virtue of assignment from the named inventors, and therefore denies

22  them.  Motorola specifically denies that the '132 Patent is valid and/or enforceable.

23      25.    Motorola admits that the USPTO issued the '549 Patent on December 28, 2004.

24  Motorola lacks information sufficient to affirm or deny the allegations that Macrovision is the

25  owner of the '549 Patent by virtue of assignment from the named inventors, and therefore denies

26  them.  Motorola specifically denies that the '549 Patent is valid and/or enforceable.

27
28

26. Motorola admits that the USPTO issued the '698 Patent on May 23, 2006. Motorola lacks information sufficient to affirm or deny the allegations that Macrovision is the owner of the '698 Patent by virtue of assignment from the named inventors, and therefore denies them. Motorola specifically denies that the '698 Patent is valid and/or enforceable.

27. Motorola admits that the USPTO issued the '380 Patent on August 1, 2006. Motorola lacks information sufficient to affirm or deny the allegations that Macrovision is the owner of the '380 Patent by virtue of assignment from the named inventors, and therefore denies them. Motorola specifically denies that the '380 Patent is valid and/or enforceable.

28. The allegations of Paragraph 28 consist of an explanation of terminology used in Macrovision's Complaint, to which no response is required. To the extent a response is required, Motorola denies any allegation that Macrovision owns the referenced patents or that Macrovision's patents are valid or enforceable.

29. Denied.

### FIRST CAUSE OF ACTION
**(Patent Infringement)**

30. In response to Paragraph 30, Motorola hereby incorporates and repeats its responses to the allegations of Paragraphs 1 through 29 of Macrovision's Complaint.

31. The allegations of Paragraph 31 consist of legal conclusions to which no response is required, and therefore are denied. To the extent the allegations of Paragraph 31 may be deemed to contain allegations of fact, Motorola denies them.

32. The allegations of Paragraph 32 consist of legal conclusions to which no response is required, and therefore are denied. To the extent the allegations of Paragraph 32 may be deemed to contain allegations of fact, Motorola denies them.

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.: 07-04209 (SI)

33.    The allegations of Paragraph 33 consist of legal conclusions to which no response is required, and therefore are denied.  To the extent the allegations of Paragraph 33 may be deemed to contain allegations of fact, Motorola denies them.

34.    The allegations of Paragraph 34 consist of legal conclusions to which no response is required, and therefore are denied.  To the extent the allegations of Paragraph 34 may be deemed to contain allegations of fact, Motorola denies them.

35.    The allegations of Paragraph 35 consist of legal conclusions to which no response is required, and therefore are denied.  To the extent the allegations of Paragraph 35 may be deemed to contain allegations of fact, Motorola denies them.

36.    The allegations of Paragraph 36 consist of legal conclusions to which no response is required, and therefore are denied.  To the extent the allegations of Paragraph 36 may be deemed to contain allegations of fact, Motorola denies them.

### SECOND CAUSE OF ACTION
### (Breach of Written Contract)

37.    In response to Paragraph 37, Motorola hereby incorporates and repeats its responses to the allegations of Paragraphs 1 through 36 of Macrovision's Complaint.

38.    The allegations of Paragraph 38 seek to characterize the terms of the Motorola License, which speaks for itself, and contain legal conclusions to which no response is required, and therefore are denied.  To the extent the allegations of Paragraph 38 may be deemed to contain allegations of fact, Motorola denies them.

39.    The allegations of Paragraph 39 consist of legal conclusions to which no response is required, and therefore are denied.  To the extent the allegations of Paragraph 39 may be deemed to contain allegations of fact, Motorola denies them.

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

40.     The allegations of Paragraph 40 consist of legal conclusions to which no response is required, and therefore are denied.  To the extent the allegations of Paragraph 40 may be deemed to contain allegations of fact, Motorola denies them.

41.     The allegations of Paragraph 41 consist of legal conclusions to which no response is required, and therefore are denied.  To the extent the allegations of Paragraph 41 may be deemed to contain allegations of fact, Motorola denies them.

42.     The allegations of Paragraph 42 consist of legal conclusions to which no response is required, and therefore are denied.

43.     The allegations of Paragraph 43 consist of legal conclusions to which no response is required, and therefore are denied, including that Macrovision sustained damages in any amount or is entitled to any relief.

### THIRD CAUSE OF ACTION
### (Declaratory Relief)

44.     In response to Paragraph 44, Motorola hereby incorporates and repeats its responses to the allegations of Paragraphs 1 through 43 of Macrovision's Complaint.

45.     Motorola admits that Macrovision has asserted that Motorola has materially breached the Motorola License, and that Macrovision has asserted that Motorola owes past due and ongoing royalties under the Motorola License.  Motorola further admits that Motorola disputes those contentions.  The remaining allegations of Paragraph 45 consist of legal conclusions to which no response is required.

46.     The allegations of Paragraph 46 consist of legal conclusions to which no response is required, and therefore are denied.

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

47.    The allegations of Paragraph 47 consist of a prayer for relief to which no response is required, and therefore are denied, including that Macrovision sustained damages in any amount or is entitled to any relief.

## FOURTH CAUSE OF ACTION
### (Injunctive Relief)

48.    In response to Paragraph 48, Motorola hereby incorporates and repeats its responses to the allegations of Paragraphs 1 through 47 of Macrovision's Complaint.

49.    The allegations of Paragraph 49 seek to characterize the terms of the Motorola License, which speaks for itself, and contain legal conclusions to which no response is required, and therefore are denied.

50.    The allegations of Paragraph 50 seek to characterize the terms of the Motorola License, which speaks for itself, and contain legal conclusions to which no response is required, and therefore are denied.  To the extent the allegations of Paragraph 50 may be deemed to contain allegations of fact, Motorola denies them.

51.    The allegations of Paragraph 51 seek to characterize the terms of the Motorola License, which speaks for itself, and contain legal conclusions to which no response is required, and therefore are denied.

52.    The allegations of Paragraph 52 consist of legal conclusions to which no response is required, and therefore are denied.

53.    The allegations of Paragraph 53 consist of legal conclusions to which no response is required, and therefore are denied.

54.    The allegations of Paragraph 54 consist of legal conclusions to which no response is required, and therefore are denied, including that Macrovision sustained damages in any amount or is entitled to any relief.

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

55.    The allegations of Paragraph 55 consist of a prayer for relief to which no response is required, and therefore are denied.

56.    The allegations of Paragraph 56 consist of a prayer for relief to which no response is required, and therefore are denied.

### PRAYER FOR DAMAGES AND RELIEF

57.    Macrovision's unnumbered Prayer for Damages and Relief contains no allegations of fact to which a response is required.  Motorola denies that Macrovision is entitled to any relief in this action.

### RESERVATION OF RIGHTS

58.    Motorola's Answer is based on the information now known to Motorola. Motorola reserves the right to amend its Answer to the extent that Motorola learns of new or different information through discovery or otherwise.

59.    Any allegation of the Complaint that Motorola has not expressly admitted is hereby denied.

### ADDITIONAL DEFENSES

FOR FURTHER DEFENSES to the Complaint, Motorola alleges as follows:

### FIRST DEFENSE

60.    The Complaint fails to state a claim against Motorola upon which relief can be granted.

### SECOND DEFENSE

61.    Macrovision's claims are barred, in whole or in part, for failure to join an indispensable party.

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD DEFENSE

62.    Macrovision's claims are barred, in whole or in part, because the products that are allegedly infringing Macrovision's patents are neither manufactured nor sold by Motorola.

### FOURTH DEFENSE

63.    Macrovision's claims are barred, in whole or in part, because Motorola has a valid license to use and distribute Macrovision anti-copying technology.

### FIFTH DEFENSE

64.    Macrovision's claims are barred, in whole or in part, because Motorola has an implied license to use and distribute Macrovision anti-copying technology.

### SIXTH DEFENSE

65.    Macrovision's claims are barred, in whole or in part, because Motorola does not infringe the patents at issue directly, indirectly, or under the doctrine of equivalents.

### SEVENTH DEFENSE

66.    Macrovision's claims are barred, in whole or in part, because the patents that Motorola is alleged to have infringed are invalid.

### EIGHTH DEFENSE

67.    Macrovision's claims are barred, in whole or in part, because the patents that Motorola is alleged to have infringed are unenforceable against Motorola.

### NINTH DEFENSE

68.    Macrovision's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.: 07-04209 (SI)

**TENTH DEFENSE**

69.     Macrovision's claims are barred, in whole or in part, under the doctrine of unclean hands.

**ELEVENTH DEFENSE**

70.     Macrovision's claims are barred, in whole or in part, under the doctrine of laches.

**TWELFTH DEFENSE**

71.     U.S. Patents 4,631,603, 4,577,216, 4,819,098, and 4,907,093 (the "Base Patents") disclose, among other things, the insertion of pseudo-sync pulses in video signals to disrupt automatic gain circuitry, the modification of color bursts in video signals to disrupt color correction circuitry, the insertion of back porch pulses to disrupt automatic gain circuitry, and sync amplitude reduction to enhance video copy protection (collectively "Macrovision Copy Protection Technology"). The GI License and the Motorola License confer rights in certain of Macrovision's Base Patents forming the core of the Macrovision Copy Protection Technology.

72.     The patents now asserted by Macrovision disclose mere minor improvements to the Macrovision Copy Protection embodied in the Base Patents, yet Macrovision now seeks to expand the scope of those patents now asserted to extract exorbitant royalties, many times greater than that justified by its mere improvements; in effect, extending the terms of the Base Patents impermissibly beyond their statutory expiration, and impermissibly extending the scope of the patents now asserted.

73.     Each of Macrovision's Base Patents has expired and, accordingly, Motorola is free to practice those techniques disclosed by the Base Patents without license or royalty to Macrovision.

74.    Macrovision now seeks to prevent Motorola's free use of the Macrovision Copy Protection Technology disclosed by the Base Patents.  Macrovision also seeks to extract royalties as if the Base Patents were still in effect.

75.    Macrovision's claims are barred, in whole or in part, by the doctrine of patent misuse because Macrovision has impermissibly extended the terms of the Base Patents and the scope of the patents now asserted.

**WHEREFORE,** Motorola request that the Court enter an order:

(1)    denying to Macrovision the relief requested in Macrovision's Complaint or any relief to Macrovision;

(2)    awarding Motorola its costs and attorneys' fees; and

(3)    providing for such other relief to Motorola as the Court may deem appropriate.

## MOTOROLA'S COUNTERCLAIMS FOR DECLARATORY RELIEF

Motorola, Inc., for its Counterclaims for Declaratory Relief against Plaintiff Macrovision, hereby states and asserts as follows:

## NATURE AND BASIS OF ACTION

76.    This is an action for Declaratory Judgment under 28 U.S.C. §§ 2201, *et seq.*, and under the laws of the United States concerning actions related to patents under 28 U.S.C. § 1338(a), arising from an actual controversy between the parties with regard to the invalidity, unenforceability, and noninfringement of certain patents.

77.    Defendant and Counterclaim Plaintiff Motorola is a Delaware corporation, with its principal place of business in Schaumburg, Illinois.

14

78.     Plaintiff and Counterclaim Defendant Macrovision Corporation is a Delaware Corporation with, upon information and belief, its principal place of business in Santa Clara, California.

## JURISDICTION AND VENUE

79.     This Court has subject matter jurisdiction in accordance with 28 U.S.C. §§ 2201 and 2202 and, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a).  This Court has personal jurisdiction over Macrovision because Macrovision's principal place of business is Santa Clara, California and it has had an office of business in San Francisco, California at all relevant times.

80.     Venue in this District is proper under 28 U.S.C. § 1391(b) and (c), as Macrovision's principal place of business is in Santa Clara, California and it has had an office of business in San Francisco, California at all relevant times.

## MOTOROLA AND MACROVISION:
## CONTRACTUAL RELATIONSHIP

81.     Set-top boxes ("STBs") are used to receive and decode digital television broadcasts in combination with the user's television.  Set-top boxes fall into several categories, from the simplest that receive and unscramble incoming television signals to the more complex that will provide advanced services.

82.     In September 1998, Motorola, Inc. ("Motorola"), through its business unit located in Austin, Texas, entered into a license agreement (the "Motorola License") for Macrovision's anticopying technology that called for a sixty (60) cent per STB royalty fee.

83.     The anticopying technology licensed to Motorola under the Motorola License was embodied in certain claims of four U.S. patents and foreign equivalents (defined in Section 1.11

1  of the Motorola License as the "Method Claims") plus other rights.  Thus, the patents listed in

2  the Motorola license are the base patents that enable the anti-copying technology.

3       84.    At the time Motorola entered into the Motorola License, Motorola first entered

4  the STB market.

5       85.    Motorola's entry into the STB market proved to be short-lived; Motorola

6  withdrew from this market in early 2001, after the production of fewer that one hundred

7  thousand (100,000) STBs.

8       86.    In 2004, Motorola's semiconductor group located in Austin, Texas was sold by

9  Motorola to Freescale, Inc.

10      87.    Motorola acquired General Instrument Corporation ("GI") in January 2000 two

11 years after the Motorola License was executed.   At all times since Motorola's acquisition of GI,

12 GI and Macrovision have understood that GI is an independent subsidiary subject to GI's pre-

13 existing license with Macrovision ("GI License").  GI was not and is not a party to the Motorola

14 License, and retains the right to incorporate Macrovision technology in GI STBs under the GI

15 License.

16       **MACROVISION'S THREATS AND CLAIMS AGAINST MOTOROLA**

17      88.    On March 13, 2007, Macrovision informed Motorola of its view that the Base

18 Patents embodied in the Motorola License (three of which are embodied in the GI License)

19 would expire in May 2007.  However, Macrovision explained for the first time its position that

20 Motorola would need a new license for seven (subsequently increased to eight) improvement

21 patents under the Motorola License.   In total, Macrovision has stated that Motorola needs to

22 license (or otherwise be infringing) Patents No. 5,315,448 ("'448 Patent"), 5,583,936 ("'936

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

Patent"), 6,381,747 ("'747 Patent"), 6,516,132 ("'132 Patent"), 6,836,549 ("'549 Patent"),
7,050,698 ("'698 Patent"), 7,085,380 ("'380 Patent"), and 6,501,842 ("'842 Patent").

89.    On May 30, 2007, Macrovision informed Motorola that it was prepared to send a formal notice of breach of contract under the Motorola License, *based on the sales of GI STBs* with chipsets containing Macrovision's anticopying technology.  Exhibit 1 (May 30, 2007 email from B. Gilham to J. Silverio, attached hereto).

90.    Although Macrovision subsequently admitted that GI "is in no way covered by" the Motorola License, Macrovision has persisted in its baseless claims of infringement.

91.    First, Macrovision has demanded that GI and Motorola pay per STB royalty fees not only on the expired Patents under the Motorola License but also on eight improvement patents.   At the same time, however, Macrovision failed to provide GI with sufficient information to support its claims that the technology is covered by the eight patents and whether GI's STBs used this technology.   These eight additional patents are described in ¶¶ 94-111 below.

92.    Second, Macrovision also threatened to "take a variety of steps to insure that Motorola is not able to manufacture or sell set top boxes containing Macrovision-enabled integrated circuits," which included "the right to notify Motorola's IC [integrated circuit] suppliers that Motorola is no longer an authorized licensee of Macrovision entitled to receive and incorporate Macrovision-enabled ICs into its products."  Exhibit 2 (July 12, 2007 letter from C. MacInnes to J. Silverio).

93.    Third, on July 30, 2007, Macrovision filed a complaint in California Superior Court (attached hereto as Exhibit 3) for breach of contract and relief against Motorola under the Motorola License based on the sale of GI STBs.   Three weeks later, Macrovision dismissed that

1    action and sued Motorola for patent infringement and breach of the Motorola License in this

2    Court based on GIs sale of STBs.  In its Complaint, Macrovision claims that Motorola is

3    infringing seven of the eight patents that Macrovision has accused Motorola of infringing in

4
     correspondence between the parties.  Thus, through its actions and conduct, Macrovision has
5

6    evidenced that a substantial controversy exists between parties – Motorola and Macrovision –

7    having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

8    declaratory judgment.

9
     **EIGHT ADDITIONAL MACROVISION PATENTS ALLEGEDLY SPECIFIC TO STBS**
10

11          94.    As noted above, Macrovision has demanded as a condition of any settlement of

12   their baseless claims of patent infringement against Motorola that Motorola pay per STB royalty

13   fees on eight improvement patents.

14
            95.    Although these patents have been in existence for some time, Macrovision did not
15

16   fully explain to Motorola Macrovision's position on the licensing of those patents until March

17   2007.

18          96.    On May 24, 1994, United States Patent No. 5,315,448 (the "'448 patent") issued

19   for a "Copy protection for hybrid digital video tape recording and unprotected source material."

20
     On information and belief, a true and correct copy of the '448 patent is attached as Exhibit "A"
21

22   to Macrovision's Complaint and made a part hereof.

23          97.    Macrovision has asserted to Motorola that Macrovision is the owner of the

24   '448 patent and has the right to enforce the '448 patent with respect to Motorola.

25          98.    On December 10, 1996, United States Patent No. 5,583,936 (the "'936 patent")
26

27   issued for a "Video copy protection process enhancement to introduce horizontal and vertical

28

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

picture distortions." On information and belief, a true and correct copy of the '936 patent is attached as Exhibit "B" to Macrovision's Complaint and made a part hereof.

99.     Macrovision has asserted to Motorola that Macrovision is the owner of the '936 patent and has the right to enforce the '936 patent with respect to Motorola.

100.    On April 30, 2002, United States Patent No. 6,381,747 (the "'747 patent") issued for a "Method for controlling copy protection in digital video networks." On information and belief, a true and correct copy of the '747 patent is attached as Exhibit "C" to Macrovision's Complaint and made a part hereof.

101.    Macrovision has asserted to Motorola that Macrovision is the owner of the '747 patent and has the right to enforce the '747 patent with respect to Motorola.

102.    On December 31, 2002, United States Patent No. 6,501,842 (the "'842 patent") issued for a "Method and apparatus for modifying a video signal by back porch lowering." A true and correct copy of the '842 patent is attached hereto as Exhibit "4" and made a part hereof.

103.    Macrovision has asserted to Motorola that Macrovision is the owner of the '842 patent and has the right to enforce the '842 patent with respect to Motorola.

104.    On February 4, 2003, United States Patent No. 6,516,132 (the "'132 patent") issued for a "Method and apparatus for improving the effects of color burst modifications to a video signal." On information and belief, a true and correct copy of the '132 patent is attached as Exhibit "D" to Macrovision's Complaint and made a part hereof.

105.    Macrovision has asserted to Motorola that Macrovision is the owner of the '132 patent and has the right to enforce the '132 patent with respect to Motorola.

106.    On December 28, 2004, United States Patent No. 6,836,549 (the "'549 patent") issued for a "Method and apparatus for synthesizing and reducing the effects of video copy

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.: 07-04209 (SI)

protection signals." On information and belief, a true and correct copy of the '549 patent is attached as Exhibit "E" to Macrovision's Complaint and made a part hereof.

107.    Macrovision has asserted to Motorola that Macrovision is the owner of the '549 patent and has the right to enforce the '549 patent with respect to Motorola.

108.    On May 23, 2006, United States Patent No. 7,050,698 (the "'698 patent") issued for a "Method and apparatus for synthesizing or modifying a copy protection signal using a lowered signal level portion." On information and belief, a true and correct copy of the '698 patent is attached as Exhibit "F" to Macrovision's Complaint and made a part hereof.

109.    Macrovision has asserted to Motorola that Macrovision is the owner of the '698 patent and has the right to enforce the '698 patent with respect to Motorola.

110.    On August 1, 2006, United States Patent No. 7,085,380 (the "'380 patent") issued for a "Method for modifying a copy protected video signal with a negative amplitude pulse." On information and belief, a true and correct copy of the '380 patent is attached as Exhibit "G" to Macrovision's Complaint and made a part hereof.

111.    Macrovision has asserted to Motorola that Macrovision is the owner of the '380 patent and has the right to enforce the '380 patent with respect to Motorola.

**COUNT I:**
**DECLARATORY JUDGMENT**
**NON-INFRINGEMENT OF THE '132 PATENT**

112.    Motorola incorporates the allegations of paragraphs 1-111 as if fully set forth herein.

113.    Macrovision has alleged and claimed that Motorola has infringed the '132 patent.

114.    Motorola does not infringe any valid claim of the '132 patent and has not induced or contributed to the infringement of any valid claim of the '132 patent by another.

115.    Motorola is entitled to a judicial declaration that it does not infringe the '132 patent.

## COUNT II:
## DECLARATORY JUDGMENT
## INVALIDITY OF THE '132 PATENT

116.    Motorola incorporates the allegations of paragraphs 1-115 as if fully set forth herein.

117.    On information and belief, the '132 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

118.    Motorola is entitled to a judicial declaration that the '132 patent is invalid.

## COUNT III:
## DECLARATORY JUDGMENT
## UNENFORCEABILITY OF THE '132 PATENT

119.    Motorola incorporates the allegations of paragraphs 1-118 as if fully set forth herein.

120.    On information and belief, the '132 patent is unenforceable for one or more of the grounds alleged in paragraphs 1-119 of this answer and counterclaim and/or due to laches, waiver, estoppel and/or implied license.

121.    Motorola is entitled to a judicial declaration that the '132 patent is unenforceable.

## COUNT IV:
## DECLARATORY JUDGMENT
## NON-INFRINGEMENT OF THE '380 PATENT

122.    Motorola incorporates the allegations of paragraphs 1-121 as if fully set forth herein.

123.    Macrovision has alleged and claimed that Motorola infringes the '380 patent.

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

124.   Motorola does not infringe any valid claim of the '380 patent and has not induced or contributed to the infringement of any valid claim of the '380 patent by another.

125.   Motorola is entitled to a judicial declaration that it does not infringe the '380 patent.

**COUNT V:**
**DECLARATORY JUDGMENT**
**INVALIDITY OF THE '380 PATENT**

126.   Motorola incorporates the allegations of paragraphs 1-125 as if fully set forth herein.

127.   On information and belief, the '380 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

128.   Motorola is entitled to a judicial declaration that the '380 patent is invalid.

**COUNT VI:**
**DECLARATORY JUDGMENT**
**UNENFORCEABILITY OF THE '380 PATENT**

129.   Motorola incorporates the allegations of paragraphs 1-128 as if fully set forth herein.

130.   On information and belief, the '380 patent is unenforceable for one or more of the grounds alleged in paragraphs 1-129 of this answer and counterclaim and/or due to laches, waiver, estoppel and/or implied license.

131.   Motorola is entitled to a judicial declaration that the '380 patent is unenforceable.

**COUNT VII:**
**DECLARATORY JUDGMENT**
**NON-INFRINGEMENT OF THE '549 PATENT**

132.   Motorola incorporates the allegations of paragraphs 1-131 as if fully set forth herein.

22

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

133.   Macrovision has alleged and claimed that Motorola infringes the '549 patent.

134.   Motorola does not infringe any valid claim of the '549 patent and has not induced or contributed to the infringement of any valid claim of the '549 patent by another.

135.   Motorola is entitled to a judicial declaration that it does not infringe the '549 patent.

**COUNT VIII:**
**DECLARATORY JUDGMENT**
**INVALIDITY OF THE '549 PATENT**

136.   Motorola incorporates the allegations of paragraphs 1-135 as if fully set forth herein.

137.   On information and belief, the '549 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

138.   Motorola is entitled to a judicial declaration that the '549 patent is invalid.

**COUNT IX:**
**DECLARATORY JUDGMENT**
**UNENFORCEABILITY OF THE '549 PATENT**

139.   Motorola incorporates the allegations of paragraphs 1-138 as if fully set forth herein.

140.   On information and belief, the '549 patent is unenforceable for one or more of the grounds alleged in paragraphs 1-139 of this answer and counterclaim and/or due to laches, waiver, estoppel and/or implied license.

141.   Motorola is entitled to a judicial declaration that the '549 patent is unenforceable.

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

## COUNT X:
## DECLARATORY JUDGMENT
## NON-INFRINGEMENT OF THE '698 PATENT

142.    Motorola incorporates the allegations of paragraphs 1-141 as if fully set forth herein.

143.    Macrovision has alleged and claimed that Motorola infringes the '698 patent.

144.    Motorola does not infringe any valid claim of the '698 patent and has not induced or contributed to the infringement of any valid claim of the '698 patent by another.

145.    Motorola is entitled to a judicial declaration that it does not infringe the '698 patent.

## COUNT XI:
## DECLARATORY JUDGMENT
## INVALIDITY OF THE '698 PATENT

146.    Motorola incorporates the allegations of paragraphs 1-145 as if fully set forth herein.

147.    On information and belief, the '698 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

148.    Motorola is entitled to a judicial declaration that the '698 patent is invalid.

## COUNT XII:
## DECLARATORY JUDGMENT
## UNENFORCEABILITY OF THE '698 PATENT

149.    Motorola incorporates the allegations of paragraphs 1-148 as if fully set forth herein.

150.    On information and belief, the '698 patent is unenforceable for one or more of the grounds alleged in paragraphs 1-149 of this answer and counterclaim and/or due to laches, waiver, estoppel and/or implied license.

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

151.   Motorola is entitled to a judicial declaration that the '698 patent is unenforceable.

**COUNT XIII:**
**DECLARATORY JUDGMENT**
**NON-INFRINGEMENT OF THE '936 PATENT**

152.   Motorola incorporates the allegations of paragraphs 1-151 as if fully set forth herein.

153.   Macrovision has alleged and claimed that Motorola infringes the '936 patent.

154.   Motorola does not infringe any valid claim of the '936 patent and has not induced or contributed to the infringement of any valid claim of the '936 patent by another.

155.   Motorola is entitled to a judicial declaration that it does not infringe the '936 patent.

**COUNT XIV:**
**DECLARATORY JUDGMENT**
**INVALIDITY OF THE '936 PATENT**

156.   Motorola incorporates the allegations of paragraphs 1-155 as if fully set forth herein.

157.   On information and belief, the '936 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

158.   Motorola is entitled to a judicial declaration that the '936 patent is invalid.

**COUNT XV:**
**DECLARATORY JUDGMENT**
**UNENFORCEABILITY OF THE '936 PATENT**

159.   Motorola incorporates the allegations of paragraphs 1-158 as if fully set forth herein.

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.: 07-04209 (SI)

1   160.   On information and belief, the '936 patent is unenforceable for one or more of the

2   grounds alleged in paragraphs 1-159 of this answer and counterclaim and/or due to laches,

3   waiver, estoppel and/or implied license.

4   161.   Motorola is entitled to a judicial declaration that the '936 patent is unenforceable.

5

6                              **COUNT XVI:**
                      **DECLARATORY JUDGMENT**
7              **NON-INFRINGEMENT OF THE '448 PATENT**

8   162.   Motorola incorporates the allegations of paragraphs 1-161 as if fully set forth

9   herein.

10  163.   Macrovision has alleged and claimed that Motorola infringes the '448 patent.

11

12  164.   Motorola does not infringe any valid claim of the '448 patent and has not induced

13  or contributed to the infringement of any valid claim of the '448 patent by another.

14  165.   Motorola is entitled to a judicial declaration that it does not infringe the

15  '448 patent.

16

17                             **COUNT XVII:**
                      **DECLARATORY JUDGMENT**
18                **INVALIDITY OF THE '448 PATENT**

19  166.   Motorola incorporates the allegations of paragraphs 1-165 as if fully set forth

20  herein.

21  167.   On information and belief, the '448 patent is invalid for failure to meet the

22

23  conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

24  168.   Motorola is entitled to a judicial declaration that the '448 patent is invalid.

25  \ \ \

26

27

28

**COUNT XVIII:**
**DECLARATORY JUDGMENT**
**UNENFORCEABILITY OF THE '448 PATENT**

169.    Motorola incorporates the allegations of paragraphs 1-168 as if fully set forth herein.

170.    On information and belief, the '448 patent is unenforceable for one or more of the grounds alleged in paragraphs 1-169 of this answer and counterclaim and/or due to laches, waiver, estoppel and/or implied license.

171.    Motorola is entitled to a judicial declaration that the '448 patent is unenforceable.

**COUNT XIX:**
**DECLARATORY JUDGMENT**
**NON-INFRINGEMENT OF THE '747 PATENT**

172.    Motorola incorporates the allegations of paragraphs 1-171 as if fully set forth herein.

173.    Macrovision has alleged and claimed that Motorola infringes the '747 patent.

174.    Motorola does not infringe any valid claim of the '747 patent and has not induced or contributed to the infringement of any valid claim of the '747 patent by another.

175.    Motorola is entitled to a judicial declaration that it does not infringe the '747 patent.

**COUNT XX:**
**DECLARATORY JUDGMENT**
**INVALIDITY OF THE '747 PATENT**

176.    Motorola incorporates the allegations of paragraphs 1-175 as if fully set forth herein.

177.    On information and belief, the '747 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

178.    Motorola is entitled to a judicial declaration that the '747 patent is invalid.

**COUNT XXI:**
**DECLARATORY JUDGMENT**
**UNENFORCEABILITY OF THE '747 PATENT**

179.    Motorola incorporates the allegations of paragraphs 1-178 as if fully set forth herein.

180.    On information and belief, the '747 patent is unenforceable for one or more of the grounds alleged in paragraphs 1-179 of this answer and counterclaim and/or due to laches, waiver, estoppel and/or implied license.

181.    Motorola is entitled to a judicial declaration that the '747 patent is unenforceable.

**COUNT XXII:**
**DECLARATORY JUDGMENT**
**NON-INFRINGEMENT OF THE '842 PATENT**

182.    Motorola incorporates the allegations of paragraphs 1-181 as if fully set forth herein.

183.    Macrovision has alleged that Motorola infringes the '842 patent in correspondence between the parties, and has demanded that Motorola pay royalties on the '842 patent as part of any settlement of Macrovision's dispute with Motorola.

184.    Motorola does not infringe any valid claim of the '842 patent and has not induced or contributed to the infringement of any valid claim of the '842 patent by another.

185.    Motorola is entitled to a judicial declaration that it does not infringe the '842 patent.

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

1
2
3

**COUNT XXIII:**
**DECLARATORY JUDGMENT**
**INVALIDITY OF THE '842 PATENT**

4         186.    Motorola incorporates the allegations of paragraphs 1-185 as if fully set forth

5    herein.

6         187.    On information and belief, the '842 patent is invalid for failure to meet the
7
8    conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

9         188.    Motorola is entitled to a judicial declaration that the '842 patent is invalid.

10
11

**COUNT XXIV:**
**DECLARATORY JUDGMENT**
**UNENFORCEABILITY OF THE '842 PATENT**

12
13
14

         189.    Motorola incorporates the allegations of paragraphs 1-188 as if fully set forth

herein.

15        190.    On information and belief, the '842 patent is unenforceable for one or more of the

16    grounds alleged in paragraphs 1-189 of this answer and counterclaim and/or due to laches,

17    waiver, estoppel and/or implied license.

18
19

         191.    Motorola is entitled to a judicial declaration that the '842 patent is unenforceable.

20
21

**COUNT XXV:**
**DECLARATORY JUDGMENT**
**PATENT MISUSE**

22        192.    Motorola incorporates the allegations of paragraphs 1-191 as if fully set forth
23
24    herein.

25        193.    U.S. Patents 4,631,603, 4,577,216, 4,819,098, and 4,907,093 (the "Base

26    Patents") disclose, among other things, the insertion of pseudo-sync pulses in video signals to

27    disrupt automatic gain circuitry, the modification of color bursts in video signals to disrupt color

28    correction circuitry, the insertion of back porch pulses to disrupt automatic gain circuitry, and

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

sync amplitude reduction to enhance video copy protection (collectively "Macrovision Copy Protection Technology"). The Motorola License confers rights in certain of Macrovision's Base Patents forming the core of the Macrovision Copy Protection Technology.

194. The Patents now asserted by Macrovision disclose mere minor improvements to the Macrovision Copy Protection Technology embodied in the Base Patents, yet Macrovision now seeks to expand the scope of those patents now asserted to extract exorbitant royalties, many times greater than that justified by its mere improvements; in effect, extending the terms of the Base Patents impermissibly beyond their statutory expiration, and impermissibly extending the scope of the patents now asserted.

195. Each of Macrovision's Base Patents has expired and, accordingly, Motorola is free to practice those techniques disclosed by the Base Patents without license or royalty to Macrovision.

196. Macrovision now seeks to prevent Motorola free use of the Macrovision Copy Protection Technology disclosed by the Base Patents. Macrovision also seeks to extract royalties as if the Base Patents were still in effect.

197. Motorola is entitled to a judicial declaration that Macrovision has engaged in patent misuse, and therefore that Macrovision is not, among other things, entitled to seek royalties against Motorola under any applicable agreement and/or patents.

WHEREFORE, Motorola prays for the following relief:

A. A declaratory judgment that the '132 patent be declared invalid, void and/or unenforceable;

B. A declaratory judgment that Motorola be declared not to have infringed the '132 patent;

C.    A declaratory judgment that the '380 patent be declared invalid, void and/or unenforceable;

D.    A declaratory judgment that Motorola be declared not to have infringed the '380 patent;

E.    A declaratory judgment that the '549 patent be declared invalid, void and/or unenforceable;

F.    A declaratory judgment that Motorola be declared not to have infringed the '549 patent;

G.    A declaratory judgment that the '698 patent be declared invalid, void and/or unenforceable;

H.    A declaratory judgment that Motorola be declared not to have infringed the '698 patent;

I.    A declaratory judgment that the '448 patent be declared invalid, void and/or unenforceable;

J.    A declaratory judgment that Motorola be declared not to have infringed the '448 patent;

K.    A declaratory judgment that the '936 patent be declared invalid, void and/or unenforceable;

L.    A declaratory judgment that Motorola be declared not to have infringed the '936 patent;

M.    A declaratory judgment that the '747 patent be declared invalid, void and/or unenforceable;

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

1    N.    A declaratory judgment that Motorola be declared not to have infringed the

2    '747 patent;

3    O.    A declaratory judgment that the '842 patent be declared invalid, void and/or

4
5    unenforceable;

6    P.    A declaratory judgment that Motorola be declared not to have infringed the

7    '842 patent;

8    Q.    A declaratory judgment that Macrovision be declared to have engaged in patent

9    misuse, and therefore that Macrovision is not, among other things, entitled to seek royalties

10   against Motorola under any applicable agreement and/or patents;

11
12   R.    An order awarding Motorola its reasonable costs and attorneys' fees, in

13   accordance with 35 U.S.C. § 285 and other applicable law.

14   S.    An order awarding such other and further relief as the Court deems just and

15   equitable.

16
17   T.    A declaratory judgment that Motorola has not violated any other rights of

18   Macrovision, under any applicable contract or patent.

19   U.    A preliminary and permanent order injunction enjoining Macrovision from

20   alleging patent infringement in any way against Motorola, any of Motorola's current or

21   \ \ \

22

23

24

25

26

27

28

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

1    prospective customers, distributors, dealers, licensees, agents, or employees, based on the patents

2    alleged in Macrovision's Complaint.

3

4

5    Dated:  September 6, 2007                           Respectfully Submitted,

6

7                                                        STEPTOE & JOHNSON, LLP
                                                         Rebecca Edelson (No. 150464)
8                                                        Steven Davidson*
                                                         Scott W. Doyle*
9

10

11                                      By:    /s/ Rebecca Edelson
                                               Rebecca Edelson (No. 150464)
12                                             Attorney for Defendant and Counterclaim
                                               Plaintiff MOTOROLA, INC.
13    * Counsel seeking admission *pro hac vice*.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Motorola hereby demands a trial by jury on all issues presented in Macrovision's Complaint and Motorola's Counterclaim that are so triable.

Dated: September 6, 2007

Respectfully Submitted,

STEPTOE & JOHNSON, LLP
Rebecca Edelson (No. 150464)
Steven Davidson*
Scott Doyle*

By:_____/s/ Rebecca Edelson_____
Rebecca Edelson (No. 150464)
Attorney for Defendant and Counterclaim Plaintiff MOTOROLA, INC.

* Counsel seeking admission *pro hac vice*.

1

**<u>CERTIFICATE OF SERVICE</u>**

2

    I hereby CERTIFY that a true and correct copy of the foregoing Answer, Counterclaim,

3

and Jury Demand of Defendant/Counterclaimant Motorola, Inc. was forwarded on September 6,

4

2007 by electronic means to counsel listed below:

5

6

7

KENNETH E. KELLER (SBN 71450)
THOMAS H. SLOAN, JR. (SBN 58322)

8

LORI L. BEHUN (SBN 202309)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

9

114 Sansome Street, 4th Floor

10

San Francisco, CA  94104

11

Attorneys for Plaintiff/Counterclaim-Defendant

12

MACROVISION CORPORATION

13

14

15

16

By:  /s/ Rebecca Edelson

17

Rebecca Edelson

18

19

20

21

22

23

24

25

26

27

28

ANSWER/COUNTERCLAIM FOR DECLARATORY RELIEF
CASE NO.:  07-04209 (SI)