KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
THOMAS H. SLOAN, JR. (SBN 58322) tsloan@kksrr.com
MICHAEL D. LISI (SBN 196974) mlisi@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, 4th Floor
San Francisco, CA 94104
Phone: (415) 249-8330
Fax:    (415) 249-8333
ATTORNEYS FOR PLAINTIFF
MACROVISION CORPORATION

REBECCA EDELSON (SBN150464) redelson@steptoe.com
STEPTOE & JOHNSON, LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Phone: (310) 734-3200
Fax:    (310) 734-3300

STEVEN K. DAVIDSON (*pro hac vice* application to be submitted) sdavidso@steptoe.com
SCOTT DOYLE (*pro hac vice* application to be submitted) sdoyle@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave., NW
Washington, DC 20036-1795
Phone: (202) 429-3000
Fax:    (202) 429-3902

ATTORNEYS FOR DEFENDANT
MOTOROLA, INC. AND PLAINTIFF
GENERAL INSTRUMENTS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MACROVISION CORPORATION, ) | No. C 07-04209 (SI) |
| ) | |
| Plaintiff, ) | **STIPULATION AND [PROPOSED]** |
| ) | **ORDER TO RELATE AND** |
| vs. ) | **CONSOLIDATE CASES** |
| ) | |
| MOTOROLA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

1

---

STIPULATION AND [PROPOSED] ORDER TO RELATE AND CONSOLIDATE CASES
CASE NO: C07-04209 (SI)

| | |
|---|---|
| GENERAL INSTRUMENT CORPORATION, (d/b/a Home & Mobility Networks), | ) No. C 07-04617 (WHA) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| MACROVISION CORPORATION, | ) ) |
| Defendant. | ) ) ) |

Pursuant to Local Civil Rules 3-12 and 7-12, Macrovision Corporation ("Macrovision"), Motorola, Inc. ("Motorola"), and General Instruments, Inc. ("GI") hereby stipulate and jointly request that the Court enter an order (a) determining that *General Instrument Corp. v. Macrovision Corp.*, No. 07-04617 (WHA) (N.D. Cal.) ("GI Action") is related to the earlier-filed action *Macrovision Corporation v. Motorola, Inc.*, No. C 07-04209 (SI) (the "Macrovision Action"), and (b) consolidating the GI Action with the earlier filed Macrovision Action currently before this Court.

Macrovision, Motorola and GI stipulate and agree as follows:

1.      The Macrovision Action was filed by Macrovision on August 17, 2007 and was assigned to this Court. In its Complaint, Macrovision claims that Motorola has infringed seven of Macrovision's patents by selling cable set-top boxes ("STBs") containing certain anti-copying technology offered by Macrovision. Macrovision Complaint, (Docket No. 1), ¶¶ 20-34. In addition, Macrovision claims that Motorola has breached a license agreement between the two parties by failing to make royalty payments for products sold by Motorola. *Id.* ¶¶ 20-34. Macrovision seeks, among other things, injunctive and declaratory relief, as well as money damages. *Id.* ¶¶ A-N.

2.      Macrovision's Complaint also alleges that Motorola acquired GI in January 2000, and that GI's prior License Agreement with Macrovision expired in June 2006. *Id.* ¶¶ 10-12.

1  Accordingly, Macrovision's Complaint relates, in part, to Motorola's and/or GI's contention that
2  products sold by GI after GI was acquired by Motorola are at issue.

3      3.    On September 6, 2007, Motorola answered Macrovision's Complaint and asserted
4  counterclaims for declaratory relief against Macrovision.  Specifically, Motorola seeks
5  declaratory judgments that eight of Macrovision's patents (including the seven that Macrovision
6  alleges Motorola is infringing) are invalid and/or unenforceable for various reasons, including
7  patent misuse.  See Answer and Counterclaim, (Docket No. 7), ¶¶ 112-197.  In addition,
8  Motorola seeks declaratory judgments that its STBs do not infringe the Macrovision patents. *Id.*

9      4.    On September 6, 2007, GI filed the GI Action in the Northern District of
10 California against Macrovision.  The GI Action was subsequently assigned to the Honorable
11 William Alsup.  In its complaint, GI asserts that there is a dispute between GI and Macrovision
12 regarding the same patents at issue in the Macrovision Litigation.  See GI Complaint, (Docket
13 No. 1), ¶¶ 45-64.  Moreover, GI claims that Macrovision has asserted that GI is not a valid
14 licensee of Macrovision anti-copying technology, and has sued Motorola in this case based on
15 products sold by GI.  *Id.*, ¶¶ 38, 45.

16     5.    GI seeks declaratory judgments that the same Macrovision patents at issue in
17 Motorola's counterclaims are invalid and/or unenforceable for various reasons, including patent
18 misuse.  In addition, GI seeks a declaration regarding the parties' rights and obligations under the
19 GI-Macrovision license agreement.  *Id.*, ¶¶ 65-154.

20     6.    Macrovision intends to answer GI's Complaint and to assert various
21 counterclaims against GI, including claims for infringement of the same patents asserted against
22 Motorola in the Macrovision Action.

23     7.    Thus, Macrovision has filed or intends to file claims against Motorola and GI
24 asserting that they have infringed certain of Macrovision's patents and have breached the
25 Motorola-Macrovision license agreement.  Further, Motorola and GI have filed claims against
26 Macrovision asserting that the same patents are invalid and/or unenforceable and that the GI-
27 Macrovision license agreement controls the parties' relationship.
28

8. If the Macrovision Action and the GI Action were allowed to proceed before different judges, it is likely that there would be an unduly burdensome duplication of labor and expense, as both courts would need to construe the scope of the license agreements and the patents, and ultimately address whether the patents are invalid and/or unenforceable. In addition, the potential for inconsistent results is palpable, given that both courts would be considering identical claims concerning the license agreements and Macrovision's patents.

9. On September 19, 2007, Judge Alsup issued an Order of Referral in the GI Action (Docket No. 9), finding that the GI Case "appears to be related" to the Macrovision Action, and referring the GI Action to this Court for a determination of whether the cases are related under Civil Local Rule 3-12.

10. For the reasons set forth above, Macrovision and Motorola stipulate and agree, subject to Court approval, that the GI Action is related to the earlier-filed Macrovision Action, and should be assigned to this Court for further proceedings pursuant to Civil Local Rule 3-12.

11. In addition, Federal Rule of Civil Procedure 42 provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs."

12. As noted above, the Macrovision Action and the GI Action raise common questions of law and fact and are thus appropriate for consolidation. Both cases address whether there has been infringement of certain Macrovision patents, and will thus have common questions of law, i.e., questions concerning construction of the patents at issue, and common questions of fact, such as questions relating to which party sold certain products and whether such products infringe Macrovision's patents.

13. At the same time, both cases assert declaratory relief claims that the same Macrovision patents are invalid and/or unenforceable, once again raising common issues of law and fact. Moreover, the Macrovision Action and the GI Action both raises legal and factual

issues as to whether the Motorola-Macrovision license agreement or the GI-Macrovision license agreement controls the parties' relationship.

14.    For all of those reasons, the parties further stipulate and agree, subject to approval by the Court, that the Macrovision Action and the GI Action should be consolidated pursuant to Federal Rule of Civil Procedure 42.

Dated: September 24, 2007    KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: _____/s/_____
    Kenneth E. Keller
    Attorneys for
    MACROVISION CORPORATION

Dated: September 24, 2007    STEPTOE & JOHNSON, LLP

By: _____/s/_____
    Rebecca Edelson
    Attorneys for
    MOTOROLA, INC. and GENERAL
    INSTRUMENT CORPORATION

I hereby attest that I have been authorized by Rebecca Edelson to execute on her behalf this Stipulation and [Proposed] Order to Relate and Consolidate Cases.

Executed on this 24 st day of September, 2007 at San Francisco, California.

/s/
MICHAEL D. LISI

/ / /

/ / /

5

STIPULATION AND [PROPOSED] ORDER TO RELATE AND CONSOLIDATE CASES
CASE NO: C07-04209 (SI)

**PURSUANT TO STIPULATION, IT HEREBY ORDERED:**

1) That the action entitled *Macrovision Corporation v. Motorola, Inc.*, No. C 07-04209 (SI) (the "Macrovision Action") is related to *General Instrument Corp. v. Macrovision Corp.*, No. C 07-04617 (the "GI Action"), currently assigned to Judge William H. Alsup;

2) that the GI Action is hereby assigned to this Court for further proceedings; and

3) that the Macrovision Action and the GI Action share common issues of law and fact as described above, and are hereby consolidated pursuant to Federal Rule of Civil Procedure 42.

**IT IS SO ORDERED**

Dated: _____, 2007    _____
    THE HON. SUSAN ILLSTON
    UNITED STATES DISTRICT COURT

STIPULATION AND [PROPOSED] ORDER TO RELATE AND CONSOLIDATE CASES
CASE NO: C07-04209 (SI)